497 P.2d 88

Ivey L. FURLOW, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Stearns-Roger Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 684.

Court of Appeals of Arizona, Division 1, Department A.

May 23, 1972.

Rehearing Denied June 26, 1972.

Review Denied July 13, 1972.

---

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Dee-Dee Samet, for respondent carrier.

STEVENS, Presiding Judge.

Ivey L. Furlow, herein referred to as the petitioner, sustained a compensable back injury on 28 January 1969. He had experienced a number of prior industrially related back injuries resulting in some prior surgery. These occurred in California, and they were established by depositions taken in California which were received in evidence in the Arizona proceedings. A combined physical examination and medical consultation was held on 18 August 1969. The doctors who participated in the consultation were examined relative to the consultation report and as to their findings and opinions in relation to the physical condition of the petitioner at that time. The doctors were cross-examined during the hearings which were conducted in the year 1970. Somehow, the actual report of the consultation is not included in the file forwarded to this Court pursuant to this Court's writ of certiorari. A summary of these opinions indicates the professional opinion of the examining doctors to be that the January 1969 industrial incident caused a temporary aggravation of a preexisting back condition of the petitioner and that in August 1969 the aggravation had come to an end. They further expressed the opinion that after a "breaking in period" he could return to full time in his former employment but that he would probably not be asymptomatic. There was a recommendation that the petitioner engage in less strenuous employment to minimize symptomatology which heavy lifting could bring about in view of the combination of the series of back problems.

In the September 1970 hearing the petitioner testified as to his ability to work before January 1969, that is, his ability to work after his last pre-1969 back surgery. He further testified as to back weakness and pain during employment after January 1969 which limited his prior capacity to follow his trade. There was lay corroboration of the petitioner's testimony.

Jacob B. Redekop, M.D., was the petitioner's treating physician and he was a member of the August 1969 board. He testified that following the examination at the time of the August 1969 board he next saw the petitioner in September 1969, this being his last observation of the petitioner prior to his testimony on 29 September 1970. The record does not indicate an additional physical examination of the petitioner following the examination made by the board in August 1969. The petitioner returned to his trade with some problems prior to the September 1970 hearing. Dr. Redekop indicated that the January 1969 incident, combined with the prior back problems, could have left the petitioner with a back condition worsened by the 1969 incident, but that he could not be sure since he had not examined the petitioner prior to the January 1969 incident. He did not deviate from his August 1969 opinion that the condition of the petitioner's back was stationary at the time of the August examination.

From our review of the record, we find substantial medical evidence to support the finding that as of 15 September 1969 the petitioner's condition had become medically stationary and that his benefits be terminated as of that date.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.